On September 30, 1986, Robert W. Cottrill and appellant, Joni S. Cottrill nka Joni S. Lang, entered into a home improvement contract with Accent Builders Co., Inc. After a series of assignments, the contract came to rest with appellee, Old Republic Insurance Co. Sometime after the home improvements were completed, appellant and Mr. Cottrill defaulted under the terms of the contract.
On January 23, 1998, appellee filed a complaint against appellant and Mr. Cottrill for payments due under the contract.
On May 20, 1998, appellee filed a motion for summary judgment against appellant. Appellant filed her memorandum contra on July 16, 1998. A non-oral hearing was held on July 27, 1998. Thereafter, on July 28, 1998, appellee filed its reply. Appellant filed a motion to strike/objections on July 31, 1998 claiming appellee's reply brief was untimely filed. By decision filed November 5, 1998, the trial court denied appellant's motion to strike/objections and granted appellee's motion for summary judgment.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMPLETELY IGNORED CIVIL RULE 56 AND NUMEROUS HOLDINGS OF THE OHIO SUPREME COURT WHEN IT GRANTED SUMMARY JUDGMENT FOR APPELLEE.
II
 THE TRIAL COURT'S DECISION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WAS CONTRARY TO LAW.
 I
Appellant claims the trial court erred in permitting appellee to file its reply and affidavit after the hearing date thereby abrogating appellant's ability to respond. We agree.
By notice filed July 2, 1998, the trial court established a summary judgment schedule. A non-oral hearing was set for July 27, 1998 at 9:00 a.m. with appellant's response due by July 17, 1998 and appellee's reply due by July 24, 1998. While appellant's response was timely filed on July 16, 1998, appellee's reply and affidavit were not filed until July 28, 1998, one day after the scheduled hearing. The trial court ruled in favor of appellee and denied appellant's request to strike appellee's reply or allow time for appellant to respond. See, Decision filed September 16, 1998.
Civ.R. 56(C) provides "an adverse party prior to the day of hearing may serve and file opposing affidavits." In her timely filed memorandum contra, appellant raised specific challenges to appellee's affidavits and the lack of evidence supporting appellee's claim to be a successor in interest to the original lenders. Appellee's untimely reply addresses these issues via various exhibits and affidavits. Pursuant to Civ.R. 56(C), if appellee's reply had been timely filed on July 24, 1998 (three days prior to hearing date), appellant by rule would have had an opportunity to respond.
Given the narrow burden placed upon trial courts to construe issues of fact in favor of the non-moving party, we find the trial court erred in not permitting a response.[1]
Assignment of Error I is granted.
 II
Given our decision in Assignment of Error I, this assignment of error is moot.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is reversed and remanded to permit appellant response time.
By Farmer, J., Wise, P.J. and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is reversed and remanded to permit appellant response time.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] We find no procedural error in setting specific dates for responses and replies, but merely address the very limited fact pattern presented sub judice.